UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MIRANDA RAYBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-1410 (CEJ) |
| | ) | |
| LEZGI MOTORS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motions to compel discovery of plaintiff's medical records. Plaintiff has responded in opposition, and the issues are fully briefed.

This case arises from a motor vehicle accident, in which plaintiff claims that she sustained injuries to her head, neck, back, spine, left shoulder, and left hip. Defendants seek to compel plaintiff to execute releases authorizing defendants to obtain medical records relating to the areas of her body that were injured, dating from plaintiff's birth to the present. Plaintiff argues that defendants' motions to compel are premature and are without merit. She also argues that the medical authorizations are overbroad, not targeted to discover relevant information, and would result in an unnecessary violation of her privacy.

Defendants propounded discovery request to plaintiff, including requests for medication authorizations. Plaintiff objected to the authorizations because they were not limited by date. The parties conferred, but could not reach an agreement. Plaintiff argues that defendants' motions are premature, because some of the authorizations attached to the motions were not formally served on her. However, because these authorizations are also unlimited by date they would have drawn the same objection

that plaintiff expressed earlier. It was unnecessary for the defendants to delay seeking a ruling on the objections.

Plaintiff has put her physical condition at issue, and defendants are entitled to discover medical records relating to it. Defendants have properly tailored their requests to records pertaining to the treatment of the body parts that plaintiff claims were injured in the accident. Also, because plaintiff's disclosures under Fed.R.Civ.P. 26(a) reveal that she may have sustained injuries to the same areas of her body more than five years before the accident in this case, defendants' discovery will not be restricted in time.

Defendants, however, have not justified their requests for medical records from plaintiff's oncologist, obstetrician/gynecologist, or her gastrointestinal treatment providers. Therefore, the Court will deny defendants' motions to compel to the extent such authorizations are requested. Plaintiff will be directed to sign the medical authorizations unlimited by time frame, but she will not be required to sign authorizations addressed to treatment providers that have never provided any treatment to her head, neck, back, spine, left shoulder, and left hip.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel [Doc. #57] and supplemental motion to compel [Doc. # 59] are **granted in part and denied in part** as set forth above.

**IT IS FURTHER ORDERED** that plaintiff shall have until December 10, 2013 to execute the medical authorizations attached to defendants' motions that are

directed to the treatment providers that have treated plaintiff's head, neck, back, spine, left shoulder, and left hip.

_/s/ Carol E. Jackson_
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2013.