UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIRANDA RAYBURN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:12-CV-1410 (CEJ) |
| LEZGI MOTORS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Lezgi Motors, Inc. and Zamir Kurbanaliev to exclude portions of the testimony of plaintiff's expert Christina Kelly. Plaintiff has responded in opposition, and the issues are fully briefed.

I.  Background

This case arises from a June 16, 2012 motor vehicle accident in which the tractor-trailer operated by defendant Kurbanaliev collided with the car of plaintiff Miranda Rayburn. Defendant was driving in the right lane of Interstate 70, when he observed plaintiff's vehicle entering the highway from an on-ramp. He moved to the left lane to accommodate incoming traffic, and then returned to the right lane, colliding with plaintiff's vehicle and injuring plaintiff. Kurbanaliev is the sole owner of defendant Lezgi Motors, Inc.

Plaintiff has retained Christina Kelly, a trucking industry safety consultant, to offer an expert opinion in this case. In her expert report, Kelly wrote that, in her opinion, "Kurbanaliev was not qualified to operate the tractor trailer for Lezgi Motors… or any carrier on the day of this crash" and "Kurbanaliev did not keep a proper lookout and caused this crash that injured Rayburn." [Doc. # 108-2]. She elaborated on the risks of left-to-right movement in tractor-trailers, and explained how to check blind-

spots when changing lanes. She stated that Kurbanaliev - not plaintiff - was responsible for the accident. Id. Defendants move to exclude Kelly's statements regarding causation and liability.

II. **Legal Standard**

The admission of expert testimony in federal courts is governed by Fed.R.Evid. 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

District courts act as gatekeepers, ensuring that expert testimony is "not only relevant, but reliable." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). District courts have "broad discretion" in determining whether an expert's testimony is admissible. Weisgram v. Marley Co., 169 F.3d 514, 518 (8th Cir.1999). "[I]t is the responsibility of the trial judge to determine whether a particular expert has sufficient specialized knowledge to assist jurors in deciding the specific issues in the case." Prosser v. Nagaldinne, 927 F.Supp.2d 708, 724 (E.D. Mo. 2013) (quoting Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 715 (8th Cir. 2001)). "Once initial expert qualifications and usefulness to the jury are established, however, a district court must continue to perform its gatekeeping role by ensuring that the actual testimony does not exceed the scope of the expert's expertise...." Id.

Expert testimony is "not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact." Williams v. Wal-Mart Stores, Inc., 922 F.2d 1357, 1360 (8th Cir. 1990) (citing Fed.R.Evd. 704(a)). "A trial court may, however, exclude opinion testimony if it is so couched in legal conclusions that it supplies the fact finder with no information other than what the witness believes the verdict should be." Id. (citing Hogan v. AT&T, 812 F.2d 409, 411 (8th Cir. 1987)).

### III. Discussion

Defendants object to Kelly's opinions regarding causation and liability. They argue that Kelly is not qualified to offer an opinion on the cause of the accident, because she is not an accident reconstructionist. They also argue that Kelly's testimony on proper driving technique will not assist the jury, because the average juror is familiar with this topic. Finally, defendants object that Kelly's testimony that Kurbanaliev caused the accident is simply a legal conclusion.

Kelly has worked in the trucking industry for 26 years in a variety of capacities, including truck driver, operations planner, customer service manager, and director of fleet recruiting at a trucking services corporation. She is currently the President and CEO of Kelmar Safety, Inc., a safety and compliance specialist for the transportation industry. See CV of Christina Kelly [Doc. #120-4]. Kelly's extensive experience in the industry qualifies her to opine on the inadequacy of Kurbanaliev's training, and Kurbanaliev's error in executing the lane-change at issue. Kelly's testimony does not attempt to reconstruct the accident, and she need not possess expertise in accident reconstruction to offer her opinion on the cause of this accident. See Miksis v. Howard, 106 F.3d 754, 762 (7th Cir. 1997) (affirming admission of sleep deprivation expert's

testimony that fatigue was the primary cause of the accident, although witness was not an expert in accident reconstruction).

Moreover, the Court finds that Kelly's testimony on how to safely change lanes while operating a tractor-trailer will be useful to the finder of fact. The average juror knows how to change lanes and check blind-spots while operating an automobile - not a large commercial vehicle, the operation of which requires a specialized license. Finally, Kelly's testimony that Kurbanaliev caused the accident is not a legal conclusion, but a factual one. Causation of the accident is contested in this case, and under Fed.R.Evd. 704(a), Kelly may offer her opinion on this ultimate issue of fact. See Miksis, 106 F.3d at 762.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to exclude certain opinions of Christina Kelly [Doc. #109] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2014.