UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MIRANDA RAYBURN,                    )
                                    )
          Plaintiff,                )
                                    )
     vs.                            )          Case No. 4:12-CV-1410 (CEJ)
                                    )
LEZGI MOTORS, INC., et al.,         )
                                    )
          Defendants.               )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant ATN Express, Inc.,

to strike certain testimony and opinions of plaintiff's expert Christina Kelly.  Plaintiff has

responded in opposition, and the issues are fully briefed.

**I.    Background**

This case arises from a June 16, 2012 motor vehicle accident in which the

tractor-trailer operated by defendant Zamir Kurbanaliev, the sole owner of defendant

Lezgi Motors, Inc., collided with the car of plaintiff Miranda Rayburn.  At the time of the

accident, Kurbanaliev was en route to Colorado to have the transmission of the tractor

repaired.  He was hauling an empty trailer owned by defendant ATN Express, Inc.  The

tractor was owned by Lezgi Motors, and leased to ATN.  Under the lease agreement,

the tractor was to be used exclusively for ATN business.

Plaintiff seeks to hold ATN liable under theories of vicarious liability, negligent

hiring, negligent training, negligent supervision, negligent entrustment, and negligence

per se.  She has retained Christina Kelly, a trucking industry safety consultant, to offer

an expert opinion in this case.  In her expert report and deposition, Kelly opined on the

duties of ATN under the lease agreement and offered testimony including the following

statements:

1. According to the lease agreement, Lezgi had a responsibility to provide qualified drivers to ATN.
2. ATN Express has a duty to make sure that Kurbanaliev understood that under no circumstance, while leased with them, was he to be behind the steering wheel of that truck.
3. Since the lease agreement clearly states that the equipment is under the exclusive control of ATN… traveling to Denver was to ensure the fulfillment of his responsibilities under the lease agreement…
4. The trip to Denver was to fulfill the maintenance requirements of the lease.
5. The lease does not allow Kurbanaliev to use the truck for any purpose other than ATN business.
6. The use of ATN's name in the log book indicates Kurbanaliev was operating for ATN.
7. Kurbanaliev took the trailer for the only carrier he could, according to the lease.
8. Kurbanaliev did not meet the requirements of personal conveyance and was operating for ATN Express, even though he was unqualified to do so while fulfilling the obligations of his lease regarding warranty work.
9. ATN Express has a duty to the motoring public to keep unqualified drivers from using their equipment. This includes tractors that are leased to them as well as trailers. ATN failed to have those safeguards in place. This endangered the motoring public needlessly by not managing, controlling, and supervising their equipment and drivers appropriately.

See Expert Report [Doc. # 108-2]. ATN argues that these statements are legal conclusions, and should be excluded.

## II. Legal Standard

The admission of expert testimony in federal courts is governed by Fed.R.Evid. 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>> (b) the testimony is based on sufficient facts or data;
>> (c) the testimony is the product of reliable principles and methods; and

> (d) the expert has reliably applied the principles and methods to the facts of the case.

District courts act as gatekeepers, ensuring that expert testimony is "not only relevant, but reliable." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). District courts have "broad discretion" in determining whether an expert's testimony is admissible. Weisgram v. Marley Co., 169 F.3d 514, 518 (8th Cir.1999). "[I]t is the responsibility of the trial judge to determine whether a particular expert has sufficient specialized knowledge to assist jurors in deciding the specific issues in the case." Prosser v. Nagaldinne, 927 F.Supp.2d 708, 724 (E.D. Mo. 2013) (quoting Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 715 (8th Cir. 2001)). "Once initial expert qualifications and usefulness to the jury are established, however, a district court must continue to perform its gatekeeping role by ensuring that the actual testimony does not exceed the scope of the expert's expertise...." Id.

Expert testimony is "not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact." Williams v. Wal-Mart Stores, Inc., 922 F.2d 1357, 1360 (8th Cir. 1990) (citing Fed.R.Evd. 704(a)). "A trial court may, however, exclude opinion testimony if it is so couched in legal conclusions that it supplies the fact finder with no information other than what the witness believes the verdict should be." Id. (citing Hogan v. AT&T, 812 F.2d 409, 411 (8th Cir. 1987)).

### III. Discussion

Kelly has worked in the trucking industry for 26 years in a variety of capacities, including truck driver, operations planner, customer service manager, and director of fleet recruiting at a trucking services corporation. She is currently the President and CEO of Kelmar Safety, Inc., a safety and compliance specialist for the transportation

industry.  See CV of Christina Kelly [Doc. #120-4].  She has reviewed hundreds of owner-operator lease agreements, to ensure owner-operator compliance with the agreements, and to make sure the agreements complied with federal regulations and industry practices.  She explains that lease agreements like the one at issue in this case are prevalent in the industry, and "fairly standardized across motor carriers." Kelly Aff. [Doc. #120-5].  Defendant argues that, because Kelly does not have legal training, she is not qualified to testify about these lease agreements.  However, Fed.R.Evid. 702 does not require an expert witness to have formal education or training.  Rather, the rule specifically provides that a witness may be qualified as an expert by his or her experience.  The Court finds that Kelly's experience qualifies her to testify regarding owner-operator lease agreements and the ordinary practices of owners and operators in the trucking industry.

Defendant claims that Kelly's testimony includes legal conclusions regarding the duties of the parties under the contract and federal regulations.  It is true that experts may not offer legal conclusions in the guise of opinions.  See, e.g., S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc., 320 F.3d 838, 841 (8th Cir. 2003) ("[E]xpert testimony on legal matters is not admissible.");  In re Genetically Modified Rice Litigation, No. 4:06-MD-1811 (CDP), 2010 WL 5070718, at *6 (Mo. E.D. Dec. 6, 2010) ("Experts may not draw legal conclusions or interpret laws or regulations.");  Cowden v. BNSF Ry. Co. No. 4:08-CV-1534 (ERW), 2013 WL 5442926, at *6 (E.D. Mo. Sept. 30, 2013) ("The law is clear that expert witnesses may not opine as to whether a party violated a given regulation.").  It is also true that an expert may not testify that a party has a duty under a contract, because this amounts to a legal conclusion.  See The Shaw Grp., Inc. v. Marcum, 516 F.3d 1061, 1068 (8th Cir. 2008) ("The [district] court

properly excluded any expert testimony as to Shaw's duty under the contract, permitting [the expert] to testify only as to the ordinary business practices of those engaged in private contracting with the military."); see also Fleishour v. Stewart Title Guar. Co., No. 4:08-cv-1958 (ERW), 2010 WL 1006230, at *1 (E.D. Mo. Mar. 16, 2010) ("[E]xpert testimony as to the meaning of a contract provision is generally held to be an inadmissable legal conclusion.").  However, the majority of the statements to which defendant objects do not concern the parties' legal duties under the contract, but rather what the terms of the contract say about the relationship between the parties and the potential vicarious liability of ATN.

Accordingly, Kelly's opinions and testimony regarding the duties owed by the parties under the terms of the lease agreement or federal regulations (statements numbered 1, 2, and 9 above) will be excluded.  However, to the extent that Kelly's testimony deals with the scope of any agency or employment relationship between ATN and Kurbanaliev, as illuminated by the terms of the lease, or with industry custom (for example, the practice of "personal conveyances" or the usage of signs on a vehicle and entries in a log book to indicate the carrier), it will be allowed.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant ATN to strike certain testimony and opinions of plaintiff's expert Christina Kelly [Doc. #90] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to respond to defendant's motion to strike [Doc. #101] is **moot**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2014.